**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRIE ALFONZO A. BOND | : | |
| | : | |
| Appellant | : | No. 2564 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 11, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006889-2021

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 11, 2025**

Appellant, Larrie Alfonzo A. Bond, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, after he pleaded guilty to one count of sexual assault.[1] He challenges the discretionary aspects of his sentence. After review, we affirm.

On various dates between 2015 and 2020, in both Philadelphia and Reading, Pennsylvania, Appellant sexually assaulted his ten-to-fifteen-year-old stepdaughter (Victim). **See** N.T. Plea Hearing, 11/2/23, at 12. Appellant would "forcefully put his penis on and inside [the Victim's] mouth [and]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3124.1. Appellant's middle name appears in the record as "Alfonso" and "Alfonzo." **See, e.g.**, Trial Court Opinion, 10/29/24, at 1.

vagina." *Id.* On November 2, 2023, Appellant entered a guilty plea to sexual assault. In exchange for that plea, the Commonwealth agreed to *nolle prosse* additional pending charges.[2] *See* N.T. Plea Hearing, 11/2/23, at 4; Written Guilty Plea Colloquy, 11/2/23, at 3. Sentencing was deferred for the preparation of a presentence investigation report (PSI) and a mental health evaluation. *See* N.T. Plea Hearing, 11/2/23, at 14.

On April 11, 2024, the plea court presided over the sentencing hearing, during which it stated that it had thoroughly reviewed the PSI, both parties' sentencing memoranda, and the defense mitigation package. *See* N.T. Sentencing Hearing, 4/11/2024, at 4.[3] The Commonwealth entered the victim's impact statement into the record, which stated that she "[w]as depressed for a long time and wanted to die," "[i]n school [she] would have daydreams of him coming to kill [her] because [she] told on him," and that

_____

[2] The *nolle prossed* charges included: rape by forcible compulsion; involuntary deviate sexual intercourse; unlawful contact with a minor; statutory sexual assault of a person less than 13 years old; aggravated indecent assault without consent; incest; endangering the welfare of children; corruption of minors; indecent exposure; indecent assault without consent; simple assault; and recklessly endangering another person. *See* Bills of Information, 8/17/21, at 1-5; *see also* 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 6318(a)(1), 3122.1(b), 3125(a)(1), 3124.1, 4302(a), 4304(a)(1), 6301(a)(1)(ii), 3127(a), 3126(a)(1), 2701(a), and 2705, respectively.

[3] We note that Appellant did not include his PSI and defense mitigation packet in the certified record. However, the trial court confirmed on the record that it had reviewed both. *See* N.T. Sentencing Hearing, 4/11/24, at 4, 41, 46; *see also* Trial Court Opinion, 10/29/24, at 1, 6, 7.

Appellant "[s]tole her childhood away". *Id.* at 7-8. Several individuals testified on Appellant's behalf. *See id*. at 9-31. Next, Appellant offered an allocution statement. *See id.* at 40-41. The plea court sentenced him to 5 to 10 years of incarceration.[4] *See* Order (sentencing), 4/11/24, at 1. Appellant timely filed a post-sentence motion for reconsideration of his sentence, which the trial court denied by operation of law. *See* Order (post-sentence motion denial), 4/20/24. Subsequently, Appellant filed a timely notice of appeal, and he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents the following question for our review:

Was the sentence imposed in this case harsh and excessive under the circumstances and did the sentence imposed fail to give appropriate weight to the overwhelming evidence supporting mitigation?

Appellant's Brief, at 5.

Appellant challenges the discretionary aspects of his sentence, to which there is no absolute right to appeal. *See Commonwealth v. Hutchison*, 164 A.3d 494, 502 (Pa. Super. 2017); *see also* 42 Pa.C.S. § 9781(b). An

_____

[4] The imposed sentence was within the standard range recommended by Pennsylvania's Sentencing Guidelines: 54 to 72 months' imprisonment, plus or minus 12 months for aggravating or mitigating circumstances. *See* N.T. Sentencing Hearing, 4/11/24, at 4-5 (noting Appellant's prior record score of 3, the offense gravity score for sexual assault, and the term range recommended by the Sentencing Guidelines); *see also* 204 Pa. Code § 303.15 (7th ed., amend. 5) (setting forth the offense gravity score of 11 for a sexual assault conviction under section 3124.1); 204 Pa. Code § 303.16(a) (7th ed., amend. 5) (applicable basic sentencing matrix).

appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935-936 (Pa. Super. 2013) (quoting *Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant satisfied each of the first three requirements. *See Griffin*, 65 A.3d at 936. He filed a timely appeal to this Court, preserved the issue for our review in his post-sentence motion, and included a Rule 2119 statement in his brief. *See* Appellant's Brief, at 3. Therefore, we must consider whether the Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question is assessed on a case-by-case basis. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v.*

***Malovich***, 903 A.2d 1247, 1252 (Pa. 2006). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 936 (citation omitted).

In his Rule 2119 statement, Appellant argues that the court failed to take adequate consideration of all the mitigating evidence presented at the sentencing hearing, and the plea court's sentencing was harsh and excessive. ***See*** Appellant's Brief, at 3. This Court has held "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). However, a claim of inadequate consideration of mitigating factors, by itself, does not raise a substantial question for our review. ***See Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013). Accordingly, we conclude Appellant has raised a substantial question, and we proceed to review the merits of his claim. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 535-36 (Pa. Super. 2023) (finding substantial question for review where appellant paired excessive sentence claim and trial court failed to consider mitigating information).

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Further, an appellate court may not reweigh the factors considered by the trial court when imposing sentence. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009). Moreover, "[w]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19. (Pa. Super. 1988)). Pursuant to the Sentencing Code, an appellate court must vacate a sentence if the sentencing court erroneously applied the Sentencing Guidelines, if the circumstances of the case would cause the application of the guidelines to be clearly unreasonable, or if the court sentenced outside the guidelines unreasonably. ***See*** 42 Pa.C.S. § 9781(c). In reviewing the record, this Court considers:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant.

(2) the opportunity of the sentencing court to observe the defendant, including presentence investigation.

(3) the findings upon which the sentence was passed.

(4) the guidelines promulgated by the commission.

***Id.*** at § 9781(d).

A sentence is unreasonable if it was imposed "without express or implicit consideration" of the requirements outlined in 42 Pa.C.S. § 9721(b). *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, [the] gravity of [the] offense in relation to [its] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citing *Commonwealth v. Fullin*, 892 A.2d 843, 847-48 (Pa. Super. 2006)) (internal brackets omitted).

As stated above, here, Appellant alleges the plea court's sentence was "harsh and excessive under the circumstances" and failed to adequately account for his mitigation evidence at the sentencing hearing. *See* Appellant's Brief, at 8. Specifically, Appellant claims that the court gave little weight to Appellant's family support, his allocution, and his decision to enter into an open guilty plea, which, he claims, would have supported a mitigated sentence below the guideline's recommended range. *See id.* Moreover, Appellant argues that the sentencing court took a "[o]ne[-]sided approach that primarily considered the seriousness of the crime" and only paid "lip service" to the statutory and policy goals pursuant to Rule 9721(b). *Id.* at 8-9.

Contrary to Appellant's claim, the sentencing hearing transcript establishes that the plea court gave ample consideration to the statutory factors in fashioning Appellant's sentence pursuant to 42 Pa.C.S. § 9721(b):

**THE COURT:**

In determining [Appellant]'s sentence, the [c]ourt is taking into account the need to protect the public, [and] the gravity of the offense as it relates to the impact on the life of the victim. The Commonwealth has read into the record the victim impact statement. The [c]ourt also takes into consideration the impact on the community and how this type of behavior places the community at risk. But I'm also considering the rehabilitation needs of [Appellant].

I questioned [Appellant] on the record as to his prepared statement and how it contradicted that which was indicated in the [PSI], which the [c]ourt indicated that I have thoroughly reviewed as it was in direct contradiction. I am considering the sentencing guidelines in this case; of course, the [PSI], the mental health evaluation, the testimony of family who appear[ed] today, the letters that were presented[,] and the arguments of counsel.

N.T. Sentencing Hearing, 4/11/24, at 45-46.

Additionally, the plea court reviewed the entire defense mitigation package. **See** Trial Court Opinion, 10/29/24, at 8 ("[T]he court reviewed [the] 20+ letters, emails, employment documentation[,] and financial information in support of Appellant."). It is clear from the sentencing transcript that the plea court considered not only the seriousness of Appellant's offense, but also specifically identified the factors it considered prior to imposing sentence, which specifically addressed the required statutory factors. **See** N.T. Sentencing Hearing, 4/11/24, at 45-46; **Swope**, **supra**. The plea court even noted that "I will not give an aggravated sentence, though I would be more inclined to do so, but the testimony of [Appellant's] daughter weighs heavily [on] me." N.T. Sentencing Hearing, 4/11/24, at 46. Adverse to Appellant's assertion, the plea court *did* consider friends and family testimony at the

- 8 -

sentencing hearing as well as the rest of Appellant's mitigation evidence. *See* Trial Court Opinion, 10/29/24, at 5-6; *Devers*, 546 A.2d 12, 18; *Fullin* *supra*.

Upon review of the record, we conclude the plea court neither abused its discretion, nor imposed an "excessive" or "harsh" sentence when it imposed 5 to 10 years of incarceration. The plea court sentenced Appellant within the standard guideline range and was also informed by a PSI. *See Devers*, 546 A.2d at 18. Additionally, the plea court's explanation and its review of the PSI demonstrate that it considered the factors outlined in Section 9721(b) of the Sentencing Code when imposing Appellant's sentence. *See* N.T. Sentencing Hearing, 4/11/2024, at 4, 41-47. Appellant essentially requests this Court to reweigh the plea court's sentencing factors, which this Court will not do. *See Macias*, *supra*. Therefore, Appellant's claim that the plea court imposed a harsh sentence and failed to properly consider his mitigating evidence is without merit. We find no abuse of discretion by the plea court. **See *Shugars***, *supra*. While the record supports the denial of the instant claim, it is also not lost on this Court that Appellant was permitted to resolve this criminal matter by pleading guilty to a single count of sexual assault despite stipulated facts at the plea hearing establishing a multi-year campaign of sexual abuse involving repeated acts of oral and vaginal intercourse with a minor victim. In this matter, we cannot conclude that the plea court abused its discretion by opting for a standard guideline range, which is presumed to be reasonable as

a matter of law. ***See Ventura***, 975 A.2d at 1135 (noting that standard guideline range sentence "is presumptively where a defendant should be sentenced") (citation omitted). Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2025